UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VENITA MATTHEWS,<br><br>            Plaintiff,<br>   v.<br><br>FLOYD STEVENSON, MARLIN GUSMAN, WAL-MART STORES, INC., and WAL-MART LOUISIANA, LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   *Jury Trial Demanded*<br>)<br>)<br>) |

**COMPLAINT**

**I.  INTRODUCTION**

1. This case is about an act of excessive force by Floyd Stevenson, a Orleans Parish Sheriff's Reserve Division officer.

2. While working a private detail at a New Orleans Walmart, Mr. Stevenson used excessive force on Plaintiff Venita Matthews. He threw her into cabinets, threw her to the ground, without provocation.

3. As a result, Ms. Venita Matthews suffered long-term damage to her neck, shoulder, and back.

**II. JURISDICTION**

4. Plaintiff's claims arise under the laws of the United States and Louisiana. This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's Louisiana state law claims in accordance with 28 U.S.C. § 1367.

5. The venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in New Orleans, Louisiana situated in the Eastern District of Louisiana.

## II.   THE PARTIES

*Plaintiff*

6. Plaintiff **Venita Matthews** is of suitable age and capacity to file this suit. At all relevant time during this suit, Plaintiff was a resident of Orleans Parish in the Eastern District of Louisiana.

*Defendants*

7. Defendant **Floyd Stevenson** is a member of the Orleans Parish Sheriff's Office Reserve Division. He is sued in his individual capacity. On information and belief, he is domiciled in the Eastern District of Louisiana.

8. Defendant **Marlin Gusman** is the Sheriff for the Orleans Parish Sheriff's Office and a final policymaker. He is sued in his official capacity. On information and belief, he is domiciled in Orleans Parish in the Eastern District of Louisiana.

9. Defendant **Wal-Mart Stores, Inc.** is a Delaware corporation with its headquarters in Bentonville, Arkansas. Wal-Mart Stores, Inc. is a mass merchandiser of consumer products operating retail stores throughout the world.

10. Defendant **Wal-Mart Louisiana, LLC** is a Delaware Limited Liability Company with its headquarters in Bentonville, Arkansas. It has a registered office in Louisiana.

## III.   FACTS

11. Plaintiff realleges and incorporates each and every foregoing paragraph.

12. On July 9, 2017, Ms. Venita Matthews was shopping at a Walmart store at 6000 Bullard Ave., New Orleans, Louisiana.

13. At the check-out line, two younger women cut her off in line. Ms. Matthews told them that she was standing in that line, and the two younger women began to quarrel with her.

14. A Walmart customer service representative came over, along with Floyd Stevenson, a member of the Orleans Parish Sheriff's Office Reserve Division. Mr. Stevenson was working a private detail at Walmart at the time.

15. The Walmart representative told Ms. Matthews that he would help her at the next checkout aisle.

16. Floyd Stevenson began to throw Ms. Matthews things off the check-out aisle, and into her basket.

17. One of the two young women threatened Ms. Matthews, making a gun symbol with their hand and saying they were going to "call fire on" Ms. Matthews.

18. Ms. Matthews then moved towards the next aisle to be checked out. Mr. Stevenson said "I don't know why you are bringing your basket, you're not checking out. I don't care what that manager said. I'm making a decision."

19. Mr. Stevenson then reached for Ms. Matthews' hand to handcuff her, and Ms. Matthews pulled her hand back.

20. Mr. Stevenson then began exerting excessive force on Ms. Matthews, throwing her into the optometry cabinets. He told her "you'll be paying for all this."

21. Ms. Matthews cried "Why are you doing this? This is unnecessary! Somebody please video this!"

22. Mr. Stevenson then threw Ms. Matthews to the ground.

23. An off-duty NOPD officer intervened.

24. Mr. Stevenson then detained Ms. Matthews in a holding cell at Walmart. He said he was going to book Ms. Matthews with "everything."

25. He caused Ms. Matthews to be booked for Battery on a Police Officer, Simple criminal damage to property, and Criminal Trespass.

26. After Ms. Matthews posted bail, she went to the emergency room because she was experiencing pain and swelling in her shoulder and back.

27. To the current day, she still experiences back, neck, and shoulder pain from the incident.

## IV. CLAIMS FOR RELIEF

### Count One – Excessive Force Pursuant to U.S.C. 42 § 1983
### (Floyd Stevenson)

28. Plaintiff realleges and incorporates each and every foregoing paragraph.

29. Mr. Stevenson employed excessive and unreasonable force, or caused excessive and unreasonable force to be employed, in effectuating the arrests of Plaintiff, as specifically alleged above, in violation of Plaintiffs' rights under the Fourth Amendment.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights. Defendant's misconduct was the cause of Plaintiff's injuries.

### Count Two – Battery
### (Floyd Stevenson)

31. Plaintiff realleges and incorporates each and every foregoing paragraph.

32. The force Mr. Stevenson exerted on Ms. Matthews was an unwanted touching without justification.

33. The force Mr. Stevenson exerted on Ms. Matthews caused her pain and long-term damage to her body.

34. As a result, Mr. Stevenson committed a battery upon Ms. Matthews.

### Count Three - Violations of the Louisiana Constitution
### (Floyd Stevenson)

35. Plaintiff realleges and incorporates each and every foregoing paragraph.

36. By reason of the same conduct that violated Ms. Matthews' federal constitutional rights, Mr. Stevenson violated Ms. Matthews' state constitutional right to be free of excessive force.

### Count Four – *Respondeat Superior*
### (Sheriff Gusman and Walmart Defendants)

37. Plaintiff realleges and incorporates each and every foregoing paragraph.

38. While committing the misconduct alleged in the preceding paragraphs, Floyd Stevenson

was an employee or agent of Sheriff Gusman and the Walmart Defendants within the scope of Mr. Stevenson's employment.

39. Defendants Sheriff Gusman and the Walmart Defendants are therefore liable as principals for all torts committed by their agents.

### Count Five – Indemnification
### (Sheriff Gusman)

40. Plaintiff realleges and incorporates each and every foregoing paragraph.

41. Louisiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for actions taken in the discharge of their duties that are within the scope of their employment activities.

42. While committing the misconduct alleged in the preceding paragraphs, Floyd Stevenson was an employee or agent of Sheriff Gusman within the scope of his employment.

43. Sheriff Gusman is therefore obligated by Louisiana statute to pay any judgment entered against its employees.

**V.    RELIEF REQUESTED**

44. The Plaintiff requests a trial by jury.

45. Wherefore Plaintiff requests judgment be entered against Defendants and that the Court grant the following:

a. Declaratory relief;

b. Judgment against Defendants for Plaintiff's asserted causes of action;

c. Award of compensatory damages;

d. Award of special damages;

e. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 28 C.F.R. § 35.175, and 29 U.S.C. § 794a(b);

f. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

VENITA MATTHEW, by and through her counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com